IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

---

PARICHART RUANGSANG
704 Dakota Street, Apt. A
Bethlehem, PA 18015

individually and on behalf of all others
similarly situated,

                Plaintiff,

    v.

WHITE ORCHIDS THAI CUISINE, LLC
2985 Center Valley Parkway, Ste. 200
Center Valley, PA 18034

                Defendant.

---

: Civil Action No.: _____

: Jury Trial Demanded

## COLLECTIVE AND CLASS ACTION COMPLAINT

Plaintiff Parichart Ruangsang ("Plaintiff"), individually and on behalf of all other

similarly situated employees of White Orchids Thai Cuisine, LLC ("Defendant"), by and through

her undersigned counsel, brings this Collective and Class Action Complaint ("Complaint")

against Defendant and alleges, upon personal belief as to herself and her own acts, and as for all

other matters upon information and belief, as follows:

## NATURE OF THE ACTION

1.    Plaintiff brings this Complaint on behalf of herself and others similarly situated

contending that Defendant has improperly failed to pay overtime compensation to its

Chefs/Cooks pursuant to the requirements of the Fair Labor Standards Act ("FLSA"), 29 U.S.C.

§ 201, *et seq.* and the Pennsylvania Minimum Wage Act ("PMWA"), 43 P.S. § 333.100 *et seq.*

2.    Plaintiff also alleges that Defendant violated the Americans with Disabilities Act

("ADA"), 42 U.S.C. § 12101, *et seq.,* by failing to engage in an interactive process of determining

a reasonable accommodation for his disability; by discharging Plaintiff on account of her disability and/or because Defendant regarded her as being disabled within the meaning of the ADA; and in retaliation for requesting a reasonable accommodation in connection thereto.

3.    Plaintiff also alleges Defendant violated Pennsylvania public policy for asserting her rights under the Pennsylvania Workers' Compensation Act, with respect to her termination from employment. As a result, Plaintiff has suffered damages as set forth herein.

4.    Plaintiff is a former employee of Defendant where she worked as a Chef. During the course of her employment, Plaintiff was misclassified as an exempt employee, and also regularly worked more than forty (40) hours per week, but was not properly compensated for her work and/or was not paid overtime compensation as required by the FLSA/PMWA.

5.    As a result of Defendant's improper and willful misclassification and failure to pay its Chefs in accordance with the requirements of the FLSA/PMWA, Plaintiff and others similarly situated have suffered damages.

6.    Plaintiff brings this action for monetary damages, declaratory and injunctive relief, and other equitable an ancillary relief, to seek redress for Defendant's willful, unlawful and improper conduct.

## JURISDICTION AND VENUE

7.    This Court has jurisdiction over this matter pursuant to 29 U.S.C. § 216(b), which provides, in relevant part, that suit under the FLSA "may be maintained against any employer . . . in any Federal or State court of competent jurisdiction." See 29 U.S.C. § 216(b).

8.    This action is also initiated pursuant to the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq.*

9.      On or about February 1, 2018, Plaintiff filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission ("EEOC"), which was dually filed with the Pennsylvania Human Relations Commission ("PHRC"), thereby satisfying the requirements of 42 U.S.C. §§ 2000e-5(b) and (e). Plaintiff's EEOC Charge was docketed as EEOC Charge No. 530-2018-01952 and was filed within one hundred and eighty (180) days of the unlawful employment practice.

10.     By correspondence dated August 7, 2018, Plaintiff received a Notice of Right to Sue from the EEOC regarding her Charge, advising her that she had ninety (90) days to file suit against Defendant.

11.     On or about November 2, 2018, within the statutory time frame applicable to her claims, Plaintiff filed the instant action.

12.     Plaintiff has therefore exhausted her administrative remedies and has complied with all conditions precedent to maintaining this action.

13.     This Court has supplemental jurisdiction over Plaintiff's state law claims because those claims arise out of the same nucleus of operative fact as her federal law claims.

14.     The venue in this district is proper pursuant to 28 U.S.C. § 1391(b), as Defendant's principal place of business is located in this district, and the unlawful practices of which Plaintiff is complaining were committed in this district.

## PARTIES

15.     "Class Plaintiffs" are the individuals named above and those who file "opt-in" consent forms with the Court.

16.     Plaintiff Parichart Ruangsang is a citizen of Pennsylvania and the United States with a current address of 704 Dakota Street, Apartment A, Bethlehem, PA 18015.

17.     Defendant White Orchids Thai Cuisine is a corporation organized and existing under the laws of the Commonwealth of Pennsylvania with place of business located at 2985 Center Valley Parkway, Suite. 200, Center Valley, PA 18034.

18.     Defendant is a "private employer" and covered by the FLSA, PMWA, and ADA.

19.     Plaintiff is a previous employee who was employed by Defendant during all relevant times hereto and as such, is an employee entitled to the protections of the FLSA, PMWA, and ADA.

20.     At all times relevant hereto, Defendant acted or failed to act through its agents, servants and/or employees thereto existing, each of whom acted at all times relevant hereto in the course and scope of their employment with and for Defendant.

## FLSA COLLECTIVE ACTION ALLEGATIONS

21.     This action is brought as a collective action to recover unpaid overtime compensation, liquidated damages, unlawfully withheld wages, statutory penalties and damages owed to Plaintiff and all similarly situated current and former employees of Defendant.

22.     Pursuant to 29 U.S.C. § 216(b) of the FLSA, Plaintiff brings this action individually and on behalf of all other similarly situated persons presently or formerly employed by Defendant in the position of Chefs or in positions with similar job duties who were subject to Defendant's unlawful pay practices and policies described herein and who worked for Defendant at any point in the three years preceding the date the instant action was initiated (the members of the putative class are hereinafter referred to as the "Class Plaintiffs").

23.     Upon information and belief, Plaintiff estimates that there are approximately ten (10) to fifteen (15) other Plaintiffs who either were or are working for Defendant and were unlawfully denied overtime compensation for hours worked in excess of forty (40) in a workweek. The precise number of employees can be easily ascertained by Defendant. These

employees can be identified and located using Defendant's payroll and personnel records. Potential Class Plaintiffs may be informed of the pendency of this Collective Action by direct mail and/or publication.

24.      Pursuant to 29 U.S.C. § 216(b), this action is properly maintained as a collective action because all the class members are similarly situated. Plaintiff and other similarly situated employees were similarly not paid an overtime premium for hours worked in excess of forty (40) in a workweek, had the same job classification and job duties, and were subject to the same uniform policies, business practices, payroll practices, and operating procedures. Further, Defendant's willful policies and practices, which are discussed more fully in this Collective and Class Action Complaint, whereby Defendant failed to pay Class Plaintiffs an overtime premium for all hours worked over 40 hours in a workweek, have affected Plaintiff and Class Plaintiffs in the same fashion.

25.      Plaintiff will request the Court to authorize notice to all current and former similarly situated employees employed by Defendant, informing them of the pendency of this action and their right to "opt-in" to this lawsuit pursuant to 29 U.S.C. § 216(b), for the purpose of seeking unpaid compensation, overtime compensation and liquidated damages under the FLSA.

### CLASS ACTION ALLEGATIONS

26.      Plaintiff brings this action individually, and on behalf of the following state-wide class of similarly situated individuals, pursuant to Rule 23 of the Federal Rules of Civil Procedure:

> All persons presently or formerly employed by Defendant during the last three (3) years in the position of Chef or in positions with similar job duties who were denied overtime compensation for work performed in excess of forty (40) hours in a workweek.

27.     The members of the class are so numerous that joinder of all members is impractical. Class members may be informed of the pendency of this Class Action by direct mail.

28.     Pursuant to Federal Rule of Civil Procedure 23(a)(2), there are questions of law and fact common to the Class, including, but not limited to:

A.     Whether Plaintiff and the Class are entitled to overtime compensation for services rendered in excess of forty (40) hours per week under the PMWA;

B.     Whether Plaintiff and the Class worked in excess of forty (40) hours per week;

C.     Whether Plaintiff and the Class have suffered and are entitled to damages, and if so, in what amount; and

D.     Whether Defendant failed to pay Plaintiff and the Class wages and overtime compensation in the period when said wages became due and owing in violation of the PMWA.

29.     Plaintiff's claims are typical of the claims of the Class members. Plaintiff is a former employee of Defendant who was employed in the position of Chef who has suffered similar injuries as those suffered by the Class members as a result of Defendant's failure to pay wages and overtime compensation. Defendant's conduct of violating the PMWA has affected Plaintiff and the Class in the exact same way.

30.     Plaintiff will fairly and adequately represent and protect the interests of the Class. Plaintiff is similarly situated to the Class and has no conflict with the Class members.

31.     Plaintiff is committed to pursuing this action and has retained competent counsel experienced in class action litigation.

32.     Pursuant to Rules 23(b)(1), (b)(2), and/or (b)(3) of the Federal Rules of Civil Procedure, this action is properly maintained as a class action because:

A.     The prosecution of separate actions by or against individual members of the Class would create a risk of inconsistent or varying adjudication with respect to individual members of the Class that would establish incompatible standards of conduct for Defendant;

B.     Defendant, by failing to pay overtime compensation when it became due and owing in violation of the PMWA, has acted or refused to act on grounds generally applicable to the Class, thereby making equitable relief appropriate with respect to the Class as a whole; and

C.     The common questions of law and fact set forth above applicable to the Class predominate over any questions affecting only individual members and a class action is superior to other available methods for the fair and efficient adjudication of this case, especially with respect to considerations of consistency, economy, efficiency, fairness and equity, as compared to other available methods for the fair and efficient adjudication of the controversy.

33.     A class action is also superior to other available means for the fair and efficient adjudication of this controversy because individual joinder of the parties is impractical. Class action treatment will allow a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of effort and expense if these claims were brought individually. Additionally, as the damages suffered by each Class member may be relatively small, the expenses and burden of individual litigation would make it difficult for the Class members to bring individual claims. The presentation of separate actions by individual Class members could create a risk of inconsistent and varying adjudications, establish incompatible standards of conduct for

Defendant, and/or substantially impair or impede the ability of each member of the Class to protect his or her interests.

## FACTUAL BACKGROUND

34.    Paragraphs 1 through 33 are hereby incorporated by reference as though fully set forth at length herein.

35.    Defendant hired Plaintiff as Chef on or about January 5, 2017.

36.    During her employment with Defendant, Plaintiff performed her job well, receiving no discipline and occasional praise for her work.

### Facts Pertaining to the Collective/Class FLSA/PMWA/WPCL Claims

37.    When Plaintiff first began her employment with Defendant in 2017, she, along with Class Plaintiffs, were paid at the same daily rate regardless of the number of hours actually worked.

38.    At the outset of her employment, Plaintiff was scheduled to work from 11:00 AM until 9:35 PM Monday through Thursday. Additionally, Plaintiff was scheduled to work from 10:00 AM until 10:30 PM Friday and Saturday. Often times, Plaintiff would be required to work on Sunday as well.

39.    Despite the aforementioned schedule, Plaintiff was regularly required to work through meal breaks and/or stay past the end of her scheduled shift in order to complete her job duties each day.

40.    By way of example, during the work week of July 17, 2017 through July 23, 2017, Plaintiff worked approximately seventy (70) hours, but did not receive any overtime compensation for the hours she worked above forty (40) as required by the FLSA/PMWA.

41.    As a result of the aforementioned schedule, Plaintiff routinely worked in excess of forty (40) hours per week. In fact, in a typical workweek, Plaintiff would work approximately sixty (60) to eighty (80) hours.

42.    Upon information and belief, Class Plaintiffs routinely worked in excess of forty (40) hours per week for at least the last three (3) years. In fact, in a typical workweek, Class Plaintiffs would work approximately sixty (60) to eighty (80) hours.

43.    Despite working in excess of forty (40) hours per week, Plaintiff and Class Plaintiffs were not paid overtime compensation at a rate of 1.5 times their regular rate of pay for hours worked in excess of forty (40) in a workweek.

44.    At no point during her employment with Defendant were Plaintiff's hours accurately tracked and/or recorded. Though Defendant would tell Plaintiff to refrain from retaining the weekly schedules that outlined her work schedule, Plaintiff continued to save them to document her time schedule.

45.    The above-referenced behavior evidences the willfulness of Defendant's violations of the FLSA and PMWA.

46.    In violation of the FLSA and PMWA, Defendant unlawfully failed to track, record and report all the hours worked by Plaintiff and Class Plaintiffs.

47.    Plaintiff and Class Plaintiffs performed the same, traditionally non-exempt job duties, which consisted of cooking food per the instructions of Defendant. Plaintiff did not have any creative independence with regard to how or what food was made.

48.    Upon information and belief, for at least the last three (3) years, Defendant classified Plaintiff and Class Plaintiffs as "non-exempt" from the minimum wage and overtime compensation requirements of the FLSA/PMWA.

49.    Plaintiff and Class Plaintiffs were non-exempt from the overtime provisions of the
FLSA/PMWA for at least the last three (3) years, in that, during that time period, Plaintiff and
Class Plaintiffs were paid at the same daily rate and, thus, were not paid on a salary or fee basis
as required by the executive, administrative, and/or professional exemptions for overtime, under
the FLSA/PMWA.

50.    Additionally, Plaintiff and Class Plaintiffs did not have the authority to hire, fire,
or discipline other employees of Defendant, nor did they make recommendations with respect to
employee status changes to which Defendant lent significant weight.

51.    Moreover, Plaintiff was paid at the same daily rate, regardless of whether she
worked in excess of forty (40) hours in a workweek.

52.    Accordingly, Plaintiff and Class Plaintiffs do not qualify for the exemption for
executive employees under the FLSA/PMWA.

53.    Plaintiff and Class Plaintiffs did not exercise discretion or independent judgment
regarding matters of significance to Defendant. Plaintiff and Class Plaintiffs spent the vast
majority of their time measuring, mixing, and cooking ingredients according to recipes, using a
variety of pots, pans, cutlery and other equipment, including ovens, grills, slicers, grinders and
blenders. Accordingly, Plaintiff and Class Plaintiffs were not exempt from overtime.
compensation pursuant to the exemption for administrative employees under the FLSA/PMWA.

54.    Further, the clerical duties Plaintiff performed did not render Plaintiff exempt
pursuant to the administrative exemption during this time period. In this regard, Plaintiff's job
duties primarily involved measuring, mixing, and cooking ingredients according to recipes, using
a variety of pots, pans, cutlery and other equipment, including ovens, grills, slicers, grinders and
blenders. Plaintiff primarily performing such work involving repetitive operations with their

10

hands, physical skill and energy. Additionally, Plaintiff did not involve the exercise of independent discretion regarding matters of significance to Defendant.

55.     Plaintiff and Class Plaintiffs did not perform work requiring advanced knowledge in a field of science or learning acquired through a prolonged course of intellectual instruction. In this regard, Plaintiff's and Class Plaintiffs' job duties did not require the consistent exercise of discretion and judgment, as distinguished from performance of routine mental, manual, and mechanical work.

56.     Accordingly, Plaintiff and Class Plaintiffs were not exempt from overtime compensation pursuant to the exemption for learned professionals under the FLSA/PMWA.

57.     Further, the clerical duties Plaintiff performed did not render Plaintiff exempt pursuant to the learned professional exemption during this time period, as these duties did not require advanced knowledge in a field of science or learning acquired through a prolonged course of intellectual instruction.

58.     Finally, there are no other exemptions under the FLSA and/or PMWA which could arguably be applicable to Plaintiff or Class Plaintiffs.

59.     Plaintiff and Class Plaintiffs were or are, within the meaning of the FLSA and PMWA, non-exempt employees of Defendant and are therefore entitled to overtime compensation for the hours they worked over forty (40) in a workweek.

60.     As a result of Defendant's aforesaid illegal actions, Plaintiff and Class Plaintiffs have suffered damages.

## Facts Pertaining to Plaintiff's Individual ADA and Workers' Compensation Retaliation

### Claims

61.    Paragraphs 1 through 60 are hereby incorporated by reference as though the same were fully set forth at length herein.

62.    On or around April 22, 2017, Plaintiff sustained an injury to her left shoulder while working for Defendant.

63.    Plaintiff immediately reported her shoulder injury to management and went to the emergency room ("ER") to be evaluated.

64.    Shortly thereafter, Plaintiff was discharged with a note returning Plaintiff to work.

65.    Over the next several days, Plaintiff continued to have severe pain in her left shoulder.

66.    On or around April 26, 2017, Plaintiff became concerned and, despite Defendant's protest, Plaintiff went to her family doctor to have her shoulder re-evaluated. Despite her efforts, her doctor count not confirm a diagnosis.

67.    Then, on or about May 10, 2017, Plaintiff returned to the ER for a second time due to the severity of her pain that was later diagnosed as a torn rotator cuff in her left shoulder, a disability within the meaning of the ADA in that her injury prevented her from lifting, pushing, and pulling.

68.    On or around May 22, 2018, Plaintiff's Orthopedic physician provided with a return to work note that included several light duty restrictions. The physician recommended Plaintiff work no more than eight (8) hours per day for no more than five (5) days per week.

69.    Immediately, Plaintiff provided Defendant with a copy of her light duty restrictions.

70.    Upon receipt, Defendant stated, "you have to continue to work or we will kick you out."

71.    By way of background, Defendant also owned the apartment Plaintiff and her son resided in at the time. Fearing Plaintiff would lose her home, Plaintiff continued to work the ten (10 to twelve (12) hour shifts Plaintiff was typically assigned six (6) days per week.

72.    Defendant refused to honor her light duty restrictions or engage in the interactive process of trying to ascertain a reasonable accommodation for Plaintiff's disability. As a result, Plaintiff's condition continued to worsen.

73.    On or about July 25, 2017, Plaintiff presented Defendant with a note from her physician indicating that Plaintiff needed surgery to correct the tear in her rotator cuff. In the note, Plaintiff's physician explained she would need to be out of work for approximately four (4) to six (6) months following the surgery in order to recover. Defendant was furious.

74.    Shortly after the receipt of the note, Defendant sent Plaintiff a text message stating Plaintiff had six (6) days to vacate her apartment and asked her to sign a resignation letter.

75.    When Plaintiff refused, Defendant stated, " well once you are healed, there might not be a job available."

76.    It is believed and therefore averred that Defendant terminated Plaintiff's employment because she attempted to exercise her request for a reasonable accommodation, including, but not limited to a leave of absence to seek treatment for her disability.

77.    It is further believed and therefore averred that Defendant terminated Plaintiff's employment because of her actual and/or perceived disabilities, and in retaliation for her request for an accommodation in connection thereto.

78.     Additionally, it is believed and therefore averred that Defendant terminated Plaintiff's employment in retaliation for seeking workers' compensation benefits for her work-related injury.

79.     As a result of Defendant's deliberate, willful, malicious, and unlawful actions, Plaintiff has suffered damages, including, but not limited to, loss of employment, promotion benefits, and other economic damages, and has also suffered mental anguish, emotional pain and suffering, emotional distress, humiliation, and damage to reputation.

**COUNT I**
**FAIR LABOR STANDARDS ACT**
<u>**FAILURE TO PAY OVERTIME COMPENSATION**</u>

80.     Paragraphs 1 through 79 are hereby incorporated by reference as though the same were fully set forth at length herein.

81.     Pursuant to Section 206(b) of the FLSA, all employees must be compensated for every hour worked in a workweek.

82.     Moreover, Section 207(a)(1) of the FLSA states that an employee must be paid overtime, equal to 1.5 times his or her regular rate of pay, for all hours worked in excess of forty (40) hours per week.

83.     According to the policies and practices of Defendant, Plaintiff and Class Plaintiffs worked in excess of forty (40) hours per week. Despite working in excess of 40 hours per week, Plaintiff and Class Plaintiffs were denied overtime compensation for compensable work performed in excess of 40 hours per week in violation of the FLSA. Defendant failed to pay Plaintiff and Class Plaintiffs at a rate of at least 1.5 times their regular rate of pay for each hour that they worked in excess of forty hours in a workweek.

84.    The foregoing actions of Defendant and the policies and practices of Defendant violate the FLSA.

85.    Defendant's actions were willful, not in good faith, and in reckless disregard of clearly applicable FLSA provisions.

86.    Defendant is liable to Plaintiff and Class Plaintiffs for actual damages, liquidated damages, and other equitable relief, pursuant to U.S.C. 216(b), as well as reasonable attorneys' fees, costs and expenses.

**WHEREFORE**, Plaintiff prays for the following relief:

A.    An Order from this Court permitting this litigation to proceed as a collective action pursuant to 29 U.S.C. § 216(b);

B.    An Order from this Court ordering Defendant to file with this Court and furnish to the undersigned counsel a list of all names and addresses of all employees who have worked for Defendant during the preceding three (3) years in the position of Chef and/or in positions with similar job duties, and authorizing Class Plaintiffs' counsel to issue a notice at the earliest possible time to these individuals, informing them that this action has been filed, of the nature of the action, and of their right to opt-in to this lawsuit if they worked for Defendant during the liability period, but were not paid overtime pay as required by the FLSA;

C.    Adjudicating and declaring that Defendant's conduct as set forth herein and above is in violation of the FLSA;

D.    Adjudicating and declaring that Defendant violated the FLSA by failing to pay overtime pay to Plaintiff and Class Plaintiffs for work performed in excess of forty (40) hours per week;

    E.       Awarding Plaintiff and Class Plaintiffs back pay wages and/or overtime wages in an amount consistent with the FLSA;

    F.       Awarding Plaintiff and Class Plaintiffs liquidated damages in accordance with the FLSA;

    G.       Awarding Plaintiff and Class Plaintiffs reasonable attorneys' fees and all costs of this action, to be paid by Defendant, in accordance with the FLSA;

    H.       Awarding pre- and post-judgment interest and court costs as further allowed by law;

    I.       Granting Plaintiff leave to add additional Plaintiffs by motion, the filing of written opt-in consent forms, or any other method approved by the Court; and

    J.       For all additional general and equitable relief to which Class Plaintiffs may be entitled.

**COUNT II**
**PENNSYLVANIA MINIMUM WAGE ACT OF 1968**
**<u>FAILURE TO PAY OVERTIME COMPENSATION</u>**

87.    Paragraphs 1 through 86 are hereby incorporated by reference as though the same were fully set forth at length herein.

88.    The Pennsylvania Minimum Wage Act provides that employers must pay certain "minimum wages," including overtime wages, to their employees. <u>See</u> 43 P.S. § 333.113.

89.    The Pennsylvania Minimum Wage Act further provides that "employees shall be paid overtime not less than one and one half times the employee's regular rate" for hours worked in excess of forty (40) hours in a workweek. <u>See</u> 43 P.S. § 333.113.

90.    By its actions alleged above, Defendant has violated the provisions of the Pennsylvania Minimum Wage Act of 1968 by failing to properly pay overtime compensation.

91.     As a result of Defendant's unlawful acts, Plaintiff and Class Plaintiffs have been deprived of overtime compensation in amounts to be determined at trial, and are entitled to recovery of such amounts, together with interest, costs and attorneys' fees pursuant to the Pennsylvania Minimum Wage Act of 1968.

**WHEREFORE,** Plaintiff prays for the following relief:

A.     An Order certifying this case as a class action and designating Plaintiff as the representative of the Class and her counsel as class counsel;

B.     An award to Plaintiff and the Class for the amount of unpaid overtime compensation to which they are entitled, including interest thereon, and penalties subject to proof;

C.     An award to Plaintiff and the Class of reasonable attorneys' fees and costs pursuant to the PMWA; and

D.     An award to Plaintiff and the Class for any other damages available to them under applicable Pennsylvania law, and all such other relief as this Court may deem just and proper.

### COUNT III
### THE AMERICANS WITH DISABILITIES ACT
### DISCRIMINATION AND RETALIATION

92.     Paragraphs 1 through 91 are hereby incorporated by reference as though the same were fully set forth at length herein.

93.     At all times relevant hereto, Plaintiff was an employee within the meaning of the Americans with Disabilities Act of 1990.

94.     Pursuant to the ADA, Plaintiff is a qualified individual with one or more disabilities.

95.    Plaintiff's torn rotator cuff in her left shoulder substantially limited her ability to engage in major life activities, including lifting, pushing, and pulling.

96.    Defendant was aware of Plaintiff's disabilities and/or regarded Plaintiff as being disabled.

97.    Plaintiff's request for medical leave to seek treatment for the above-mentioned conditions constituted a request for a reasonable accommodation.

98.    By reasons of the foregoing, Defendant, through its agents, officers, servants, and/or employees has violated the ADA by terminating Plaintiff's employment because of her actual and/or perceived disabilities and request for a reasonable accommodation in connection thereto.

99.    As a result of Defendant's deliberate, unlawful, and malicious actions as set forth above, Plaintiff has suffered loss of employment, earnings, raises, other significant economic benefits, emotional pain and suffering, emotional distress and humiliation.

**WHEREFORE**, as a result of the unlawful conduct of Defendant, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendant, and grant her the maximum relief allowed by law, including, but not limited to:

A.    Back wages, front pay, and bonuses in an amount to be determined at trial, but not less than one hundred and fifty thousand dollars ($150,000.00);

B.    Punitive, compensatory, and/or exemplary damages in an amount to be determined at trial, but sufficient to punish Defendant for its intentional, negligent, willful, wanton, and/or malicious conduct;

C.    Plaintiff's costs, disbursements and attorneys' fees incurred in prosecuting this action;

D.      Pre-judgment interest in an appropriate amount; and

E.      Such other and further relief as is just and equitable under the circumstances;

F.      Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages as set forth by applicable federal law.

## COUNT IV
## WRONGFUL DISCHARGE IN VIOLATION OF
## PENNSYLVANIA PUBLIC POLICY

100.    Paragraphs 1 through 99 are hereby incorporated by reference as though the same were fully set forth at length herein.

101.    On or around the April 22, 2017, during the course and scope of her employment, Plaintiff suffered a work-related injury.

102.    Plaintiff's work-related injury caused Plaintiff to require medical care and treatment.

103.    Plaintiff provided Defendant with notice of the work-related injury and reported the work related injury to the health care provider she saw as an injury sustained in the course and scope of her employment.

104.    Defendant outwardly expressed his disdain when Plaintiff advised she was getting her shoulder re-evaluated because Plaintiff continued to have severe pain after being discharged from the ER.

105.    Defendant unlawfully violated the public policy exception to Pennsylvania's common law tradition of at-will employment by unlawfully terminating Plaintiff's employment in retaliation for Plaintiff's attempts to avail herself of the benefits of the Pennsylvania Workers' Compensation Law.

106.    Plaintiff's termination was in violation of public policy pursuant to Pennsylvania common law.

19

## **DEMAND TO PRESERVE EVIDENCE**

The Defendant is hereby demanded to preserve all physical and electronic information pertaining in any way to Plaintiff's employment, to her potential claims and her claims to damages, to any defenses to same, including, but not limited to electronic data storage, employment files, files, memos, job descriptions, text messages, e-mails, spreadsheets, images, cache memory, payroll records, paystubs, time records, timesheets, and any other information and/or data which may be relevant to any claim or defense in this litigation

**WHEREFORE,** as a result of the unlawful conduct of Defendant, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendant, and grant her the maximum relief allowed by law, including, but not limited to:

A.    Back wages, front pay, and bonuses in an amount to be determined at trial, but no less than one hundred and fifty thousand dollars ($150,000);

B.    Compensatory damages and lost benefits;

C.    Punitive damages for Defendant's unlawful practices which were committed with malicious and reckless indifference to Plaintiff's rights;

D.    Pre-judgment interest in an appropriate amount; and

E.    Such other and further relief as is just and equitable under the circumstances.

## JURY DEMAND

Plaintiff hereby demands a trial by jury as to all issues so triable.

Respectfully submitted,

**MURPHY LAW GROUP, LLC**

By: _____

Michael Murphy, Esq.
Murphy Law Group, LLC
Eight Penn Center, Suite 2000
1628 John F. Kennedy Blvd.
Philadelphia, PA 19103
TEL: 267-273-1054
FAX: 215-525-0210
murphy@phillyemploymentlawyer.com
Attorney for Plaintiff

Dated: 11/2/2018

20