IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **PARICHART RUANGSANG,**<br>        **Plaintiff,** | **CIVIL ACTION** |
| v. | |
| **WHITE ORCHIDS THAI CUISINE, LLC,**<br>        **Defendant.** | **NO.  18-4771** |

## O R D E R

**AND NOW**, this 27th day of March, 2019, upon consideration of the Joint Motion to Approve Consent Judgment (ECF No. 3), **IT IS ORDERED** that the Motion is **GRANTED IN PART AND DENIED IN PART**.[i]  The parties are directed to limit the scope of the release provisions in paragraphs 5, 6, 7, and 8 to waive only those claims within the ambit of those asserted by Plaintiff in this action.  The parties shall file a modified agreement for the Court's final review and approval on or before **April 10, 2019**.

                                                                **BY THE COURT:**

                                                                **/s/Wendy Beetlestone, J.**

                                                                _____
                                                                **WENDY BEETLESTONE, J.**

---

[i] Plaintiff brought this action, on behalf of herself and a putative class and collective, against her former employer, asserting violations of the Fair Labor Standards Act ("FLSA"), the Pennsylvania Minimum Wage Act, and the Americans with Disabilities Act, as well as a wrongful discharge claim.  The litigation did not proceed further; Defendants did not file an answer, and the parties now move for approval of a settlement agreement resolving Plaintiff's individual claims.  "Although the Third Circuit Court of Appeals has not addressed whether parties can settle FLSA actions claiming unpaid wages without court approval, district courts within the Circuit have followed the approach endorsed by a majority of courts and assumed that judicial approval is necessary." *Rubbo v. Peoplescout, Inc.*, 2017 WL 2010311, at *1 (E.D. Pa. May 11, 2017). "Courts presented with a proposed settlement of an FLSA claim first determine whether it resolves a bona fide dispute, *i.e.*, a dispute that involves factual issues rather than legal issues such as the statute's coverage and applicability." *Id.* (internal quotation marks omitted).  "If the dispute is bona fide, the Court engages in a two-part inquiry: First, the Court must determine if the settlement is fair and reasonable to the employee or employees involved." *Id.*  If it is, the Court then considers whether the agreement furthers or impermissibly frustrates the implementation of FLSA in the workplace." *Id.* (internal quotation marks omitted).

2

Here, the Court finds that the settlement agreement resolves a bona fide FLSA dispute: namely, whether Plaintiff in fact worked beyond forty hours a week without receiving overtime wages. The Court further finds that, as such, the settlement is fair and reasonable, since Plaintiff will recover over seventy five percent of the wages that she claims are due to her—without incurring the risk and cost of further litigation. The release provision of the settlement agreement, however, impermissibly frustrates the implementation of the FLSA because it is overly broad. *Id.* at *3. Under the terms of the agreement, Plaintiff must release not only those that were asserted in the instant action, but *all* potential claims against her employer. Such broad releases are routinely rejected by courts "in order to ensure equal bargaining power between the parties." *Bettger v. Crossmark, Inc.*, 2015 WL 279754, at *8 (M.D. Pa. Jan. 22, 2015); *see also Rubbo*, 2017 WL 2010311, at *3; *Howard v. Phila. Hous. Auth.*, 197 F. Supp. 3d 773, 779 (E.D. Pa. 2016). Accordingly, the release provision of the settlement agreement shall not be approved.