# SETTLEMENT AGREEMENT AND SPECIFIC RELEASE

This SETTLEMENT AGREEMENT AND SPECIFIC RELEASE (hereinafter "Agreement") is made and entered into by and between Parichart Ruangsang, 704 Dakota Street, Apt. A, Bethlehem, PA 18015 (hereinafter "Employee") White Orchids Thai Cuisine, LLC (hereinafter "Employer" or "Company"), located at 2985 Center Valley Parkway, Suite 200, Center Valley, Pennsylvania 18034.

## RECITALS

WHEREAS, Employee was employed by the Employer; and

WHEREAS, Employee's employment was terminated on July 25, 2017; and

WHEREAS, Employee and Employer desire to settle fully and finally any and all employment relationship matters between them including, but not limited to, any differences that might have arisen out of Employee's employment and termination from employment;

## AGREEMENT

NOW THEREFORE, in consideration of the mutual promises contained herein, intending to be legally bound, it is agreed as follows:

## TERMINATION DATE

1. Employee understands and agrees that her termination from employment is July 25, 2017 (the "Termination Date").

## EMPLOYER PROVIDED BENEFITS

2. Employer will provide the following benefits, which Employee agrees she is not otherwise entitled to receive:

a. Payment of the gross amount of $9,250.00, to be paid within fourteen (14) days after Employer's receipt of a fully executed original of the Agreement, a completed IRS W-9 form

from the law firm of Murphy Law Group LLC, a completed IRS Form W-9 from Parichart Ruangsang, and a completed IRS Form W-4 from Parichart Ruangsang, and after expiration of the seven (7) day revocation period set forth in Section 10 below as follows:

b.      Payment of the amount of $3,637.00, for attorney's fees and costs, without deductions or withholdings, made payable by check to Murphy Law Group, LLC and delivered to the offices of her counsel, Murphy Law Group, LLC, 1628 John F. Kennedy Blvd, Suite 2000, Phila., PA 19103.  Company will issue an IRS Form 1099 for this payment.

c.      Payment in the amount of $2,806.50, for pain and suffering and actual physical harm, without deductions or withholdings, made payable by check to Parichart Ruangsang, and delivered to the offices of her counsel, Murphy Law Group, LLC, 1628 John F. Kennedy Blvd, Suite 2000, Phila., PA 19103.  Company will issue an IRS Form 1099 for this payment.

d.      Payment in the amount of $2,806.50, for lost wages, less required deductions for taxes, and required withholdings, made payable by check to Parichart Ruangsang, and delivered to the offices of her counsel, Murphy Law Group, LLC, 1628 John F. Kennedy Blvd, Suite 2000, Phila., PA 19103.

e.      Company agrees to provide a neutral reference for Employee, provided directs all prospective employers to speak only with Human Resources.

**NON-DISPARAGEMENT**

3.      Employee agrees to not make any disparaging or negative comments about the Employer, its officers, employees, policies, practices, services or consumers, or about her employment to anyone. This provision shall in no way be interpreted to prohibit employee from disclosing the terms of this settlement, who her counsel was, or any other information found on the public docket for this case.

**REEMPLOYMENT**

4. Employee understands, acknowledges, and agrees that the Company has no obligation whatsoever to reinstate, recall, reemploy, or rehire Employee to any position with the Company and that Employee agrees not to seek reinstatement, recall, re-employment, or rehire with the Company.

**NO VIOLATION OF LAWS**

5. **Employee acknowledges that Employer does not admit and denies any violation of any law or any liability to Employee.**

**SPECIFIC RELEASE OF CLAIMS**

6. In consideration for payment of the Settlement Amount and Defendant's obligations contained herein, Plaintiff, on behalf of herself, her heirs, executors, administrators, successors and assigns, agrees that she shall irrevocably and unconditionally release, acquit, and forever discharge Defendant and and its successors, assigns, insurers, subsidiaries, affiliates, directors, officers, representatives, agents and employees from any and all claims alleged in the Lawsuit, including the Fair Labor Standards Act, Pennsylvania Minimum Wage Act, Wage Payment Collection Law Americans with Disabilities Act, Pennsylvania Workers' Compensation Act Retaliation, Pennsylvania Human Relations Act, and Wrongful Discharge in violation of Pennsylvania Public Policy, and all claims for attorney's fees, litigation expenses and costs.

The Parties understand and agree that the aforementioned release is limited in scope to the above referenced claims and is not intend to, nor does it, extend to any other potential claims. Specifically, this Agreement shall have no effect on any pending Workers' Compensation claim.

For the avoidance of doubt, nothing in this Specific Release of Claims nor any other provision of this Agreement is intend to affect, nor shall it be interpreted to affect, the rights of any individuals apart from the Parties as defined above.

**BREACH OF SETTLEMENT AGREEMENT AND SPECIFIC RELEASE**

8. Employee understands that the covenants and restrictions contained in this Agreement, in view of the nature of the business in which the Employer is engaged, are reasonable and necessary to protect the Employer's legitimate interests; that any violation thereof will result in irreparable injury to the Employer within a short period of time; that the remedies at law for any violation thereof will not be adequate; and, therefore that in the event of any violation the Employer shall be entitled to preliminary, temporary and permanent injunctive relief against such violation. Such injunctive relief shall be in addition to, and in no way in limitation of, any and all other relief which the Employer may have in law or in equity for the enforcement of this Agreement. In the event of Employee's breach, the Employer shall be entitled to set aside and rescind any relief it has agreed to provide Employee, and shall be entitled to the return of all monies or benefits tendered to, or on behalf of Employee, together with reasonable attorneys' fees and such other relief, including injunctive, as the Court deems just, and the matters between Employee and the Employer shall otherwise remain closed. In the event that this Agreement is found to be invalid for any reason, Employee shall return to Employer all monies and benefits tendered to the Employee.

**GOVERNING LAW**

9. The construction, interpretation and performance of this Agreement shall be governed by the laws of the Commonwealth of Pennsylvania.

**ENTIRE AGREEMENT**

10. This Agreement contains the entire agreement between the Employer and Employee and fully supersedes any and all prior agreements or understandings pertaining to the subject matter thereof. Employee represents and acknowledges that in executing this Agreement, Employee has not relied upon any representation or statement not set forth herein made by the Employer or any of its agents, representatives or attorneys with regard to the subject matter of this Agreement.

**ACKNOWLEDGEMENTS**

BY SIGNING THIS AGREEMENT, EMPLOYEE STATES THAT:

a) EMPLOYEE HAS BEEN GIVEN AT LEST 21 DAYS TO REVIEW THIS AGREEMENT BEFORE SIGNING AND 7 DAYS AFTER SIGNING TO RESCIND HER ACCEPTANCE;

b) EMPLOYEE UNDERSTANDS IT AND KNOWS THAT EMPLOYEE IS GIVING UP IMPORTANT RIGHTS, INCLUDING THE RIGHT TO BRING ANY CLAIM AGAINST THE EMPLOYER FOR ANY REASON OCCURRING BEFORE THE DATE EMPLOYEE SIGNS THIS DOCUMENT;

c) EMPLOYEE AGREES WITH EVERYTHING IN IT;

d) EMPLOYEE HAS BEEN ADVISED OF EMPLOYEE'S RIGHT TO CONSULT AN ATTORNEY BEFORE SIGNING IT AND HAS CONSULTED WITH COUNSEL; AND

e) EMPLOYEE HAS SIGNED IT KNOWINGLY AND VOLUNTARILY.

_____  _____
WITNESS                          PARICHART RUANGSANG

Date:_____